UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-23614-CIV-OTAZO-REYES

[CONSENT CASE]

YESENIA ESTRADA, )
)
              Plaintiff, )
  vs. )
)
LUZ M. RANGEL d/b/a KING )
MULTISERVICES )
RICARDO MORENO, )
)
             Defendants. )
)

**PLAINTIFF'S REPLY TO DEFENDANTS' AMENDED OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

    COMES NOW the Plaintiff, YESENIA ESTRADA, by and through undersigned counsel, and replies to [DE65] as follows:

**INTRODUCTION**

  1. Plaintiff moved for Partial Summary Judgment [DE53] and in its Amended Opposition [DE65] to same, Defendants do not contest that: (1) Plaintiff was an employee under the act and not an independent contractor; (2) the individual Defendant Ricardo Moreno was Plaintiff's employer under the Act; and (3) individual FLSA coverage applies under prevailing law in light of the facts of this case. [DE65]. Therefore, no evidence needs introduced at trial regarding same and Plaintiff respectfully requests for such to be set forth in an order to clearly narrow such important issues for trial.

  2. Defendants surmise in their amended opposition to Plaintiff's Motion for Partial Summary Judgment [DE65], that the facts remain in dispute as to whether the individual Defendant Luz M. Rangel d/b/a King Multiservices (technically there is no corporate Defendant as Defendant Rangel is doing business individually with the fictitious name King Multiservices), was Plaintiff's FLSA employer and as to whether liability has been established for alleged overtime and minimum wage violations. Plaintiff herein addresses the (2) issues Defendants state remain in dispute.

1

3. The facts relevant to the issue of establishing that the individual Defendant Rangel was an employer under the Act clearly demonstrate that Defendant Rangel purchased the business, was 100% owner of the business, and exhibited the requisite operational control (even if only occasional as Defendant argues, disputed by Plaintiff) to be considered an individual FLSA employer as a matter of law set forth *supra*.

4. The facts relevant to the issue of establishing liability in this case demonstrate that Plaintiff was not paid overtime when she worked more than (40) hours in a single week and was not paid the required federal minimum and, thus, liability has been established. Defendants do not offer any pay records or pay stubs to negate overtime and minimum wage violations and, thus, Plaintiff has carried out her burden that she in fact performed the work for which she has been improperly compensated and should be awarded damages.

5. Defendants were deposed in December 2012, without counsel (as is their right to appear *pro se*), and while the deposition questions were asked in English, Court Certified Translator, Marisa Pisani, was sworn in, prior to Defendants being sworn in, to translate from English to Spanish and Spanish to English. Defendant Moreno Deposition P.2,4; Defendant Rangel Deposition P.2-3.

6. Court Reporter, Rochel Albert, CSR and Notary Public in and for the State of Florida at Large, took Defendants depositions and both Defendants were present for the others deposition. At the conclusion of Defendant Moreno's deposition, he was specifically told that he had a right to read or waive and was explained as to the meaning of same. Defendant Moreno Deposition P.31-32,L25-12. At the conclusion of Defendant Rangel's deposition, Defendant Rangel was specifically told of her right to read or waive and was present for the explanation as to the meaning of same when explained to Defendant Moreno. Defendant Rangel Deposition P.25,L8-12. On or about November 26, 2013, Ms. Albert furnished a letter to both Defendants asking to be contacted to schedule an appointment to read and sign their original transcript and put Defendants on notice that the transcript will be forwarded to the attorney who ordered it in (15) days or at the time of trial, whichever comes first, with or without signatures, and, had ample opportunity to review their deposition transcripts in Spanish until they were translated in July 2014. Defendant Moreno Deposition P.229; Defendant Rangel Deposition P.36.

7. Partial Summary Judgment should be granted in its entirety. Alternatively, Plaintiff

respectfully requests that an order be entered that (1) Plaintiff was an employee under the act and not an independent contractor; (2) the individual Defendant Ricardo Moreno was Plaintiff's employer under the Act; and (3) individual FLSA coverage applies under prevailing law in light of the facts of this case, as these are issues that are uncontested by Defendants [DE65].

## **MEMORANDUM OF LAW**

### A.  **THE INDIVIDUAL DEFENDANT, LUZ M. RANGEL, d/b/a KING MULTISERVICES, IS AN FLSA EMPLOYER.**

With respect to whether Defendant Rangel is an employer under the Act, and shall be individually liable jointly and severally, should liability be found as established, Plaintiff reincorporates her arguments in her Motion for Partial Summary Judgment [DE53] regarding all of the deposition testimony cited including Plaintiff's Affidavit and Plaintiff's Material Facts.

In the case at bar, the individual Defendant Rangel is an "employer" under the Act and is, thus, individually liable under the Act. An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. §203(d). Multiple employers may be responsible for compliance with the FLSA within one business organization.  See, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).  In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

It is undisputed that Defendant Rangel purchased the business, from a prior owner, Maria Becerra, in March 2012 and was 100% owner of the business. Rangel Deposition P. 11, L16; P17, L18-21; Moreno Deposition P10, L24-25; Def.'s Resp. to P.'s Stmt of Mat. Facts in Supp. of Mot. For Partial Summ. Judgment [DE64]. Defendant Rangel, d/b/a King Multiservices, as 100% owner of the business was the employing corporation and the sole corporate officer; ipso facto Defendant Rangel was the (sole) corporate officer with operational control of the corporation's covered enterprise (technically there is no corporate Defendant as Defendant Rangel is doing business individually with the fictitious name King Multiservices). Plaintiff

states in her Affidavit that "all documents that came to the business and that were for the business, Defendant Rangel's name would appear as the owner. Also, everything was under Defendant Rangel's name." Defendants themselves admitted that both Defendants considered themselves to be an "owner" of the business, together, handling the day-to-day operation of it, with Defendant Moreno at times taking a lead role, for example Defendant Moreno handled deposits. Moreno Deposition P5, L1-13; Rangel Deposition P15, L2. Both Defendant Moreno and Defendant Rangel, together, agreed how much to pay Plaintiff, and Defendant Moreno paid Plaintiff her wages, always in cash, and decided Plaintiff's schedule. Moreno Deposition P9, L3-5, 17-18; Rangel Deposition P19, L6-7; P20, L8-13.

Liability may be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982). *See also*, *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013). "In determining whether a corporate officer is an "employer," we have inquired as to whether the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters "in relation to an employee." *Alvarez Perez*, 515 F.3d at 1161; *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986); see also 29 U.S.C. 203(d); *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 845 (11th Cir. Fla. 2009). In *Olivas* the district court determined that Defendants wife (Mrs. Rodriguez) who was an owner and corporate officer ""did nothing to set hours; . . . did nothing to set salaries; . . . did nothing to pay overtime; . . . was not the one who hired . . . Olivas; [and was] not the one who told . . . Olivas what to do generally."" *Olivas* at 845. The Eleventh Circuit in reversing the district court decision stated:

> Contrary to the district court's conclusion, we find that reasonable people could conclude that Mrs. Rodriguez was an "employer" under *Patel*. Given the totality of the evidence, a reasonable person could conclude that Mrs. Rodriguez was in charge of day-to-day operations and exercised direct supervision of the employees, particularly when Mr. Rodriguez was out of the country, so as to establish "employer" status. *See Donovan v. Janitorial Servs., Inc*., 672 F.2d 528, 531 (5th Cir. 1982) (stating that occasional control does not diminish the significance of the existence of such control). Thus, we reverse the district court's ruling on this point and remand for a jury trial to determine whether Mrs. Rodriguez was an "employer" within the meaning of the FLSA.

4

Given the totality of the circumstances in the case at bar, this Court should conclude that Defendant Rangel was the employer as a matter of law. Defendants "maintain" that Defendant Rangel's involvement in King Multiservices was "minimal" and "sporadic," but this would still be sufficient to establish that Defendant Rangel was an individual FLSA employer given the overall facts in this case. Rangel Deposition P.14-15, L19-20. Defendants allege that throughout the relevant time period Defendant Rangel "visited the store once or twice" Rangel Affidavit, Par.20. *See* also Rangel Affidavit Par.14 (throughout the entire period that Ms. Estrada worked in the business, Ms. Rangel spoke with Ms. Estrada two or three times when she called her with questions because Mr. Moreno was no available"). As aforementioned, this would still be sufficient to establish that Defendant Rangel was an individual FLSA employer given the overall facts in this case. Further, Plaintiff states in her Affidavit that "If there were any problems in the store then I would either call place a call to Defendant Rangel or to Defendant Moreno or alternatively I would wait till one of the Defendants came into the store to talk to them in person. Defendant Moreno and Defendant Rangel were my bosses because I would receive orders and take instructions from both Defendant Rangel and Defendant Moreno." Defendants taught Plaintiff how to handle the business and, as such, Plaintiff worked in the capacity similar to that of a cashier, taking care of customers. Rangel Deposition P6, L2-5, 19-20. The receipt which Plaintiff received at the bank, she would give to Defendant Moreno and Defendant Rangel. Plaintiff Deposition P81, L9-11. Plaintiff further states in her Affidavit that "both Defendant Moreno and Defendant Rangel would stop by on average approximately twice weekly to pick up the deposit receipts or just to check in with me that everything was running smoothly. If there was a problem in the store or with a customer, then I would call either Defendant Moreno or Defendant Rangel and ask them my questions. I knew that they would come on Friday to pay me in cash directly and I was ensured of seeing them at least once a week." This shows Defendant Rangel was not merely occasionally involved, but rather regularly exercised operational control. Plaintiff states in her Affidavit that "I did not have any managerial responsibilities while I worked for Defendants. Rather, both Defendants oversaw the general and daily operation of the store and Defendants paid the rent and various costs associated with the upkeep of the kiosk. I considered both Defendant Rangel and Defendant Moreno to be my bosses and I took direction from them. I would speak to both of them on average approximately four times a week, and at times even more." Such facts, including with respect to ownership and operational control,

5

demonstrate that Defendants, together, were Plaintiff's FLSA employer as a matter of law. Defendants had direct financial involvement in Plaintiff's employment. Such facts further show the role Defendant Rangel directly played in relation to Plaintiff's employment and the control exercised over same.

As such, Plaintiff has demonstrated that there are no genuine issues of material fact to preclude the entry of Summary Judgment in favor of Plaintiff. Defendant Rangel was an individual FLSA employer as a matter of law as the said facts show Defendant Rangel purchased the business, was 100% owner of the business, an owner that controlled the finances of the business, and exhibited the requisite operational control (even if only occasional as Defendants argue, such is adequate under *Olivas*) to be considered an individual FLSA employer as a matter of law. Defendant Rangel paid Plaintiff and controlled hiring and firing and under the law set forth *supra,* Defendant Rangel was Plaintiff's individual FLSA employer and should be held to be individually liable jointly and severally, should liability be established.

### B. <u>LIABILITY HAS BEEN ESTABLISHED.</u>

With respect to whether liability has been established by Plaintiff, Plaintiff reincorporates her arguments in her Motion for Partial Summary Judgment [DE53] regarding all of the deposition testimony cited including Plaintiff's Affidavit and Plaintiff's Material Facts.

As set forth in Plaintiff's material facts, Plaintiff states in her Affidavit that "to the best of my knowledge, I worked for Defendants Luz M. Rangel d/b/a King Multiservices and Ricardo Moreno beginning on or about February 6, 2012, and ending on or about September 27, 2012." Plaintiff worked from 9:00 a.m. till 7 p.m. Monday through Saturday, with a one-hour break from 3:30 p.m. to 4:30 p.m. Plaintiff Deposition P44, L19-22, P27, L10-12. Plaintiff states in her Affidavit that "when I started working for the Defendants I met with both Defendant Moreno and Defendant Rangel who provided me with my schedule, which I had for the duration of my employment." Further, Plaintiff states in her Affidavit that "I estimate that I worked for Defendants' business an average of at least 54 hours per week and was paid an average of $4.62 an hour for each hour worked." Moreover, Plaintiff states in her Affidavit that "for the first 4 weeks I was paid $300.00 cash per week by Defendants. At the end of the four weeks, I was then paid $200.00 cash by Defendants for a three week period. Following those three weeks, my rate of pay was $250.00 cash weekly by Defendants." Both Defendant Moreno and Defendant Rangel, together, agreed how much to pay Plaintiff, and Defendant Moreno paid Plaintiff her

6

wages, always in cash, and decided Plaintiff's schedule. Moreno Deposition P9, L3-5, 17-18; Rangel Deposition P19, L6-7; P20, L8-13.

Defendants argue that Plaintiff "incorrectly asserts" that liability has been established for the overtime and minimum wage provisions of the FLSA. Specifically, Defendants dispute that Plaintiff ever worked more than (40) hours per week and that Plaintiff was paid below the minimum wage. In support of its argument, Defendants offer deposition testimony from Defendants and Plaintiff, the Complaint filed in this matter, and Plaintiff's Motion [DE53]. Defendants do **not** offer into evidence any time records that controvert or rebuts that Plaintiff worked the hours she did or pay stubs reflecting the amount Plaintiff received in compensation for work performed by her for Defendants. The onus is on Defendants to keep accurate and complete time records under *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946), and moreover, there are very specific records that must be kept pursuant to 29 CFR 516.2. The employee should not be penalized for failing to prove the exact extent of her uncompensated work. "Where the employer's records of work time are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the result be only approximate. [emphasis added]." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff in her affidavit and deposition, has provided the Court with her best approximation as to the dates and times that she worked for which she was not compensated pursuant to *Mt. Clemens Pottery Co.*, particularly in light of Defendants failure to record all hours worked by Plaintiff. Defendants argue that it was important for Plaintiff to be present for certain hours of the day and simultaneously state that Plaintiff worked Monday through Friday, arriving at work between the hours of 9:30 a.m. and 10:00 a.m. and leaving work between the hours of 6:30 p.m. and 7:00 p.m. Moreno Deposition P11, L7-12. Defendants also state that Plaintiff worked on Saturday between 10:30 a.m. and that she would close at 6:30 p.m. or 7:00 p.m. Moreno Deposition P11, L13-16. Given the lacking time records, in their Opposition,

Defendants are unable to overcome the burden that has shifted under *Mt. Clemens.* There is FLSA coverage in this matter and Plaintiff was an "employee," and, thus, Defendants were obligated to pay Plaintiff overtime wages.

**WHEREFORE,** the Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Partial Summary Judgment in its entirety. Alternatively, Plaintiff respectfully requests that an Order be entered that (1) Plaintiff was an employee under the act and not an independent contractor; (2) the individual Defendant Ricardo Moreno was Plaintiff's employer under the Act; and (3) individual FLSA coverage applies under prevailing law in light of the facts of this case, as Defendants do not contest same. Therefore, no evidence needs introduced at trial regarding same and Plaintiff respectfully requests for such to be set forth in an order to clearly narrow such important issues for trial.

**Respectfully submitted,**

**RIVKAH F. JAFF, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: RIVKAH.JAFF@GMAIL.COM**
**F.B.N. 107511**

BY:__/s/____Rivkah F. Jaff_____
         **RIVKAH F. JAFF, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/21/14 TO:**

**OLGA VIEIRA, ESQ.**
**CARLTON FIELDS - MIAMI TOWER**
**100 SE SECOND ST., SUITE 4200**
**MIAMI, FL 33131-2113**
**TEL: 305-539-7379**
**FAX: 305-530-0055**
**E-MAIL: OVIEIRA@CARLTONFIELDS.COM**

BY:_____s/ Rivkah F. Jaff_____
         **RIVKAH F. JAFF, ESQ.**